UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHERRY CANNADY,
as personal representative for the estates of Kyle Milton, Malik Milton, and Monica Cannady,

Plaintiff,

v.

ALEX KAZAL, et al,

Defendants.
_______________________________/

Case No. 2:25-cv-10650
Case No. 2:25-cv-10652
(Consolidated for Discovery)
District Judge Gershwin A. Drain
Magistrate Judge Anthony P. Patti

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S ORAL MOTION TO COMPEL COMPLETE ANSWERS TO PLAINTIFF'S THIRD INTERROGATORIES TO OAKLAND COUNTY (ECF No. 52)**

Plaintiff filed a Motion to Compel Complete Answers to Plaintiff's Third Interrogatories in a companion case, Cannady v. Kazal, Case No. 2:25-cv-10650, ECF No. 30, (E. D. Mich.), which has been consolidated with this case for discovery. In that motion, Plaintiff sought to compel Defendant to give more substantial answers to three interrogatories regarding Oakland County's utilization/establishment of Incident Command Posts, Incident Management Teams, and the Oakland County Sherriff's Office Technical Support Groups over the past 10 years. *Id.* Defendant filed a response in opposition on September 10, 2026. *Id.* at ECF No. 34. The parties then filed a statement of resolved and

unresolved issues on November 5, 2026. *Id.* at ECF No. 45. The Court held a hearing on November 9, 2026, where counsel for both parties appeared. At that hearing, Plaintiff made the instant oral motion. (ECF No. 52.)

Upon consideration of the motion papers and counsels' arguments and representations at the hearing, and for all the reasons stated on the record by the Court, which are hereby incorporated by reference as though fully restated herein, Plaintiff's oral motion (ECF No. 52) is **GRANTED** in part and **DENIED** in part to the extent described below:

Defendant Oakland County is **ORDERED** to supplement its response to Plaintiff's Interrogatory No. 1 and identify the date and location of each establishment of incident command or command posts, and for each such establishment state: (a) the reasons or purposes; (b) the name and rank of the officer in charge; (c) the duration; and (d) the outcome. However, Defendant may limit its response to those events occurring on or after January 1, 2021.

Defendant Oakland County is **ORDERED** to supplement its response to Plaintiff's Interrogatory No. 2 and identify the date and location of each utilization or deployment of the Oakland County Incident Management Team (OCIMT), and for each state: (a) the reasons or purposes; (b) the name and rank of the officer in charge; (c) the duration; and (d) the outcome. However, Defendant may limit its response to include only those events occurring on or after January 1, 2021.

Defendant Oakland County is **ORDERED** to supplement its response to Plaintiff's Interrogatory No. 3 and identify the date and location of each utilization or deployment of the Oakland County Sheriff's Office Technical Support Group (TSG), and for each state: (a) the reasons or purposes; (b) the name and rank of the officer in charge; (c) the duration; and (d) the outcome. However, Defendant may limit its response to include only those events occurring on or after January 1, 2021.

Defendant Oakland County must serve its supplemental responses, under oath, on or before **November 23, 2026.**

Costs will not be awarded as neither side fully prevailed in this motion. Fed. R. Civ. P. 37(a)(5)(C).

**IT IS SO ORDERED.**[1]

Dated: November 10, 2026

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

[1] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).